## AFFIDAVIT

I, Christian Jardin, having been duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am assigned to ATF's Providence office, and have been a Special Agent with ATF since 2001. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms and narcotics laws. As an ATF Special Agent, I have been involved, either as lead agent or as a member of an investigative team, in numerous wrongful possession or transfer of firearms investigations.

2. I submit this affidavit in support of applications for a criminal complaint charging Molyka Preap (born September 1986), who resides in Providence, Rhode Island, with the following offenses:

   a. providing on or about September 1 and 9, 2017, a false statement to a firearms dealer with respect to any fact material to the lawfulness of a firearm sale, in violation of 18 U.S.C. § 922(a)(6), and

   b. providing on or about October 7, 2017, a false statement to a firearms dealer with respect to any fact material to the lawfulness of a firearm sale.

3. The information in this affidavit comes from my personal observations and investigation, my training and experience, information obtained from other law enforcement agents, and information from other sources as specified in the body of this affidavit. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter or investigation.

### Investigation

4. In September 2017, I received a notification that Molyka Preap (born in September 1986) had purchased two identical firearms in one purchase transaction from Bullseye Shooting Supplies in Woonsocket, Rhode Island. In September and October, ATF agents contacted Bullseye and confirmed that the transaction had occurred and obtained additional details.

1

*September 1, 2017 at Bullseye*

5. According to Bullseye employees and a review of firearm transaction records, Preap entered the store on September 1, 2017 and filled-out and submitted firearms transaction paperwork to purchase a firearm, specifying a Taurus Model PT111 9mm semi-automatic pistol, which I know to be a relatively inexpensive pistol. The paperwork was submitted to enable a background check, and Preap was cleared to obtain the pistol.

6. The paperwork that Preap filled-out – on September 1 – included an ATF Form 4473, which is entitled "Firearms Transaction Record." Question 11(a) on the form states the following, with the bold lettering in the original:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**"

(Emphasis in original.) On the form, the response to this question is "Yes."

7. The transaction receipt specifies Preap's name, lists her address as "29 Health Ave Apt 2" in "Providence RI 02908[,]" which is the Health Avenue Apartment address. The receipt lists her telephone number as "401 359 9270[,]" which is the call number associated with Cellphone #2.

8. I know, based on my training and experience and discussions with other ATF agents experienced in the identification of firearms, that Taurus PT111 9mm semi-automatic pistols are weapons that will or are designed to expel projectiles by action of an explosive and therefore qualify as "firearms" under 18 U.S.C. § 921(a)(3).

*September 9, 2017 at Bullseye*

9. According to Bullseye employees and a review of firearm transaction records, on September 9, 2017, Preap entered the store and in the course of completing the transaction specified that she wished to obtain two Taurus pistols, rather than just one. She purchased two Taurus Model PT111 9mm semi-automatic pistols and left the store with both pistols.

2

*October 7, 2017 at Bullseye*

10. According to Bullseye employees and a review of firearm transaction records, Preap entered the store on October 7, 2017, this time in the company of a male (hereinafter, "Male #1"), who was identified through the examination of video footage. Preap and Male #1 together examined a Springfield Model XD9 9mm semi-automatic pistol, and Preap then filled-out and submitted firearms transaction paperwork to purchase that pistol. The paperwork was submitted to enable a background check, and Preap was cleared to obtain the Springfield pistol.

11. The paperwork that Preap filled-out – on October 7, 2017 – included an ATF Form 4473, which is entitled "Firearms Transaction Record." Question 11(a) on the form states the following, with the gold lettering in the original:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**"

(Emphasis in original.) On the form, the response to this question is "Yes."

12. The transaction receipt specifies Preap's name, lists her address as "29 Health Avenue Apt 2" in "Providence RI 02908[,]" which is the Health Avenue Apartment address. The receipt lists her telephone number as "401 359 9270[,]" which according to cellular telephone provider records obtained during the investigation is the call number associated with a cellular telephone (hereafter "Cellphone #2").

13. According to the time-stamp on the store video surveillance footage, Preap filled-out the paperwork over the course of several minutes shortly before noon. The "Application to Purchase Pistol or Revolver[,]" which Preap filled out in part or in full, lists a time of 12 noon.

14. I know, based on my training and experience and discussions with other ATF agents experienced in the identification of firearms, that Springfield Model XD9 9mm semi-automatic pistols are weapons that will or are designed to expel projectiles by action of an explosive and therefore qualify as "firearms" under 18 U.S.C. § 921(a)(3).

*October 7, 2017 Telephone Call about Springfield 9mm Pistols*

15. According to a Bullseye employee, before Preap and Person #1 entered the store on October 7, 2017, a male had called the store inquiring about whether the store had Springfield 9mm pistols.

16. A review of toll records obtained from a cellular telephone provider for the cellular telephone assigned call number 774-534-0360 (hereinafter "Cellphone #1") indicates that a user of the telephone called Bullseye at 11:06 am on October 7, 2017. A review of Cellphone #1 reveals numerous calls to (401) 359-9270, the number – as described above – associated with Preap and also the call number associated with Cellphone #2.

*Person #1's October 7, 2017 Gun Photography and Messaging*

17. Video surveillance footage that captures Preap and Person #1's time in the store on October 7, 2017 shows that as Preap was filling out the paperwork, Person #1 grabbed the Springfield pistol, placed it on the counter in front of him, appeared to take one or more photographs of the pistol with his cellular telephone, and immediately after manipulated his telephone in a manner consistent with preparing and sending a message or email. Next, Person #1 appeared to photograph a receipt that described the pistol and the sales price.

*Cellphone #1, Person #1's Cellular Telephone*

18. For the following reasons, I believed that there is probable cause to believe that the aforementioned cellular telephone, with which Person #1 appeared to photograph the pistol, is Cellphone #1:

    a. A review of Providence Police records reveals that on September 14, 2017, Person #1 reported to police that his driver's license had been lost and provided 774-534-0360 as his contact number, the number for Cellphone #1. (The police report lists a Worcester, Massachusetts address for Person #1, who had previously been incarcerated in Massachusetts.)

    b. A check in Accurint, a commercially available people-locator database, indicated that Cellphone #1's call number was associated with Person #1, and that the number

4

and Person #1 were associated with 29 Health Avenue in Providence, an address at which he was, as described below, seen by surveillance on October 12, 2017.

        c.      T-Mobile advised that the call number for Cellphone #1 is a number for which T-Mobile provides service, that Person #1 is the subscriber for that service, and that Person #1's address is 29 Health Avenue in Providence. T-Mobile, to my knowledge, only provides cellular telephone service, not landline service. (T-Mobile also listed Person #1 as the subscriber for T-Mobile number 401-359-9270, and that number, according to the firearms paperwork filled out by Preap, belongs to Preap.)

19.    A review of the toll records for Cellphone #1 for the time period 11:45 am to 12:15 pm shows communication activity consistent with outgoing telephone calls at 11:57 am and 12:02 pm and communication activity consistent with text messaging at 12:06 pm. The tolls show no other activity during the time period. I note, based on my training and experience, that toll records do not capture or log a host of smartphone communications activities, including Snapchat, Facebook, Instagram, Facebook Messenger, and email communications.

*Background as to Preap and Person #1*

20.    According to criminal history records, Person #1 is a felon by virtue of having been convicted on December 14, 2012 by a Massachusetts court on one count of armed assault with intent to murder with a knife, for which he was sentenced to roughly two years of incarceration. By virtue of that felony conviction, Person #1 cannot legally possess firearm; would likely be flagged as disqualified to possess firearms in a firearms background check; and would not qualify for a license to sell firearms and cannot be a federal firearms licensee ("FFL"), a necessary prerequisite to being lawfully in the business of dealing firearms.

21.    I searched for and found no criminal history records associated with Preap.

22.    FFLs are required to register with ATF, and neither Person #1 nor Person #2 are registered as FFLs according to ATF's database of FFL.

23.    Based on the following, I infer that Preap and Person #1 are a couple and both reside at the Health Avenue Apartment:

   a. I reviewed Preap and Person #1's Facebook pages and observed photographs of the two of them together and both list themselves as being in relationships with the other.

   b. Agents surveilled on October 12, 2017 the multi-family dwelling at 29 Health Avenue in Providence and observed a car registered to Preap leaving the area and the person of Person #1 leaving to dispose of garbage and returning through the front door of the dwelling.

   c. Preap's driver's license lists Apartment 2 at 29 Health Avenue in Providence as her address.

   d. The above described firearms transaction paperwork that Preap filled out, in full or in part, lists her address as Apartment 2 at 29 Health Avenue in Providence.

   e. According to T-Mobile records, Person #1 is a T-Mobile customer and he resides at "29 Health Ave" in Providence.

24. A check of utility records indicates that natural gas service for the Health Avenue Apartment is billed to Person #1, while electric service is billed to Preap.

*Preap's Admissions*

25. On October 19, 2017, ATF agents obtained federal warrants to search Preap, Person #1, and the second floor apartment at 29 Health Avenue in Providence (which is, as described above, Preap and Person #1's residence).

26. On October 23, 2017, the warrants were executed.

27. A search of the second floor apartment revealed no firearms. Person #1, who was detained pursuant to the warrants, told agents that all of the firearms were kept in their second floor residence at 29 Health Avenue, that he did not touch them, that they had all been stolen recently, and that the theft had not been reported to police.

28. Preap, who was detained pursuant to the warrants, initially told agents that all of the firearms that she had purchased were inside their second floor apartment at 29 Health Avenue and that she was the actual buyer and possessor of the firearms. After being

6

confronted with the information provided by Person #1, being advised that lying to federal agents is a felony, and being encouraged to tell the truth, Preap said that the guns she purchased had been sold, that Person #1 told her what guns to buy, that Person #1 had made arrangements to sell the guns, and that she did not know the identity of the buyers.

### Probable Cause

29. Based on my training and experience, I know that the Taurus pistols are relatively inexpensive pistols and as such are not common collector's items. Based on common sense and experience, I know that where multiple, identical, non-collectible firearms are purchased together there is a significant possibility that one or more of the firearms is being purchased for sale to another. Accordingly, I know that there is a significant possibility that Preap is not the actual purchaser of one or more of the Taurus pistols.

30. Person #1, in Preap's company, appeared to take a photograph of the Springfield pistol and communicated with another about the pistol. Such conduct is consistent with Person #1 and Preap seeking to obtain the Springfield pistol for some person other than Preap. Accordingly, I infer that there is probable cause to believe that the Springfield pistol is being purchased for another person.

31. Based on the above information from Bullseye about the telephone inquiry about Springfield 9mm pistols and the toll records for Cellphone #1, there is probable cause to believe that Person #1 inquired about Springfield 9mm pistols shortly prior to Preap's arriving at Bullseye with Preap and seeking to acquire a Springfield 9mm pistol.

32. From Preap's purchase of multiple, identical, relatively inexpensive and generally non-collectible Taurus pistols; Person #1's photography and communication activities relating to the Springfield pistol; the telephone call to Bullseye about Springfield pistols and Cellphone #1's call activity showing a call to Bullseye; and Preap and Person #1's close relationship; I infer that there is probable cause to believe that Preap and Person #1 were together purchasing the Taurus firearms and were attempting to purchase the Springfield firearm for a person other than Preap.

33. Based on Preap's admissions and the above information, I believe that there is probable cause to believe that she was not the actual buyer of the aforementioned firearms and that in submitting ATF Form 4473s for those transactions, she knowingly submitted false and material information to a firearms dealer, Bullseye Shooting Supplies, in order to acquire the aforementioned firearms.

### Conclusion

34. Based on the information set forth in this affidavit, I believe that there is probable cause to believe that Preap committed the offenses set forth in paragraph 2.

*[signature]*
Special Agent Christian Jardin
Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn to before
me this 14th day of March 2018,
at Providence, Rhode Island

*[signature]*
LINCOLN D. ALMOND
United States Magistrate Judge